IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAMIEN D. WATKINS, | ) | 8:09CV156 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Damien D. Watkins' ("Watkins") Petition for Writ of Habeas Corpus ("Petition"). (Filing No. 1.) Respondent filed an Answer (filing no. 10) and Brief on the merits of the Petition (filing no. 11) and relevant State Court Records (filing no. 9). Watkins filed a Response to the Answer (filing no. 12) and a Brief on the merits of his Petition (filing no. 13). This matter is therefore deemed fully submitted.

Liberally construing the allegations of Watkins' Petition, he argues that he entitled to a writ of habeas corpus because:

Claim One: Watkins' conviction was obtained by a plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge and the consequences of the plea because Petitioner was not advised of his right to be represented by counsel at trial ("Claim One").

Claim Two: Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's trial counsel did not object to the trial court's failure to advise Petitioner of his right to be represented by counsel at trial and did not move to withdraw Petitioner's plea agreement ("Claim Two").

 Claim Three:  Petitioner received the ineffective assistance of counsel in violation of the Sixth and Fourteenth Amendments because Petitioner's appellate counsel did not argue the following on direct appeal: Petitioner's trial counsel was ineffective because he did not object to the trial court's failure to advise Petitioner of his right to be represented by counsel at trial and because he did not move to withdraw Petitioner's plea agreement ("Claim Three").

(Filing No. 7 at CM/ECF pp. 1-2.)

## I.   BACKGROUND

### A.   Watkins' Conviction and Direct Appeal

On October 5, 2004, Watkins pled guilty to one count of second degree murder. (Filing No. 9-6, Attach. 5, at CM/ECF p. 35.) Watkins was thereafter sentenced to serve a prison term of 40 years to life on that conviction. (*Id.* at CM/ECF p. 36.) Because he believed that the State of Nebraska had violated the plea agreement, Watkins filed a motion to withdraw guilty plea. (*Id.* at CM/ECF pp. 37-38.) The Douglas County, Nebraska District Court denied the motion to withdraw the guilty plea on March 1, 2005. (*Id.* at CM/ECF p. 40.) Watkins filed a timely direct appeal arguing only that the Douglas County District Court erred in failing to hold an evidentiary hearing prior to denying the motion to withdraw the guilty plea. (Filing No. 9-2, Attach. 1, at CM/ECF pp. 6-12.) The Nebraska Supreme Court summarily affirmed Watkins' conviction and sentence on August 25, 2005. (*Id.* at CM/ECF p. 1.)

### B.   Watkins' Post Conviction Motion and Appeal

On September 14, 2006, Watkins filed a verified motion for postconviction

2

relief in the Douglas County District Court ("Post Conviction Motion"). (Filing No. 9-7, Attach. 6, at CM/ECF pp. 13-23.) Liberally construed, the Post Conviction Motion set forth all of Claims One through Three. (*Id.*) The Douglas County District Court conducted an evidentiary hearing on Watkins' Post Conviction Motion and denied relief on all Claims. (*Id.* at CM/ECF pp. 52-55.) Watkins filed a timely appeal of the denial of post conviction relief. On appeal, Watkins assigned several errors, encompassing Claims One through Three. (Filing No. 9-3, Attach. 2, at CM/ECF p. 5.) On March 20, 2009, the Nebraska Supreme Court affirmed the Douglas County District Court's decision in a detailed opinion. (*Id.* at CM/ECF pp. 1-7.) The Nebraska Supreme Court's decision is set forth in greater detail in the analysis below. On May 1, 2009, Watkins filed his Petition in this court. (Filing No. 1.)

## II. ANALYSIS

### A. Standard of Review

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

  **B. The *Strickland* Standard**

Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable

probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

Additionally, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of "latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro*, supra, at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158

5

L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### C. Watkins' Claims

#### 1. *State Court Findings*

The Nebraska Supreme Court addressed Claims One through Three on the merits, and denied relief on all three claims. (Filing No. 9-3, Attach. 2, at CM/ECF pp. 5-7.) Regarding the claims relating to Watkins' guilty plea and the trial court's failure to advise him of his right to counsel, the Nebraska Supreme Court stated:

> The record reflects that Watkins was not expressly informed of his right to counsel if he chose to go to trial. However, as the district court correctly concluded, this failure does not render the plea invalid where, as here, the record also reflects that the defendant was actually represented by counsel at the time of the guilty plea and during prior proceedings. As we noted in *State v. Neal*: "To hold that it is error upon a court's failure to inform a defendant of his right to counsel when a defendant has the benefit of counsel before the court and acknowledges that his counsel's representation has been satisfactory would be the epitome of slavish technicality." . . . Watkins was accompanied by his appointed counsel when he entered his guilty plea. He acknowledged on the record that he had sufficient time to discuss the plea agreement with counsel and that he was satisfied with counsel's efforts on his behalf. Trial counsel later testified that he had no reason to believe that Watkins' guilty plea was not freely, intelligently, and voluntarily made. On this record, there is no basis for challenging the validity of Watkins' guilty plea. Accordingly, the fact that the issue was not raised on appeal cannot be deemed deficient performance on the part of Watkins'

6

appellate counsel or prejudicial to Watkins.

(*Id.* at CM/ECF pp. 5-6. (quoting *State v. Neal*, 346 N.W.2d 218, 220 (1984).)

Regarding Watkins' claims relating to the withdrawal of the plea agreement, the Nebraska Supreme Court determined:

> The district court made a factual determination from the record that Watkins received no promise with respect to sentencing. The record reflects that before accepting Watkins' plea, the court asked if he understood that by pleading guilty, he would subject himself to the maximum penalty of life imprisonment. Watkins answered, "Yeah." Immediately thereafter, the court asked, "Has anybody told you or led you to believe that if you pled guilty today that you'd be given probation or some sort of light sentence or be in any way rewarded in exchange for agreeing to plead guilty in this case?" Watkins answered "No." Watkins' trial counsel testified that he advised Watkins that while 20 years in prison was the minimum sentence he could receive, there was "no guarantee" with respect to the actual sentence. Based upon this evidence, the district court's finding that Watkins was not promised a sentence of 20-30 years' imprisonment in exchange for his plea is not clearly erroneous.

(*Id.* at CM/ECF pp. 6-7.) The Nebraska Supreme Court further found:

> There was no agreement that the prosecutor would "remain silent" at sentencing. The prosecutor agreed to inform the court of Watkins' cooperation and not to object to his request for a minimum sentence. . . . The record supports the district court's implicit finding that the prosecutor's comments did not violate the plea agreement, and accordingly, there is no basis for Watkins' claim that his lawyers were ineffective for failing to advocate otherwise.

(*Id.*) Thus, because there was no violation of the plea agreement and no guarantee

regarding sentence, counsel was not ineffective for failing to raise these issues at trial or on direct appeal. (*Id.*)

      2.     *Deference*

As set forth above, the foregoing findings of fact and conclusions of law by the Nebraska Supreme Court are entitled to substantial deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. This court has carefully reviewed the record in this matter and finds that the Nebraska Supreme Court decision denying Watkins' claims are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Watkins has not submitted any evidence, let alone clear and convincing evidence, that the Douglas County District Court or the Nebraska Supreme Court was incorrect in any of its factual or legal determinations. 28 U.S.C. § 2254(e)(1). In short, all of Watkins' claims were adjudicated on the merits by the Nebraska Supreme Court and the grant of a writ of habeas corpus is not warranted here because the Nebraska state courts reasonably applied *Strickland* and other Supreme Court holdings in reaching their decision. In light of these findings, Watkins' Petition is dismissed in its entirety.

      IT IS THEREFORE ORDERED that:

      1.     Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed with prejudice. All pending motions are denied as moot.

      2.     A separate judgment will be entered in accordance with this Memorandum and Order.

December 7, 2009.                BY THE COURT:

                                             s/ Joseph F. Bataillon
                                             Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.